UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6221

CIV - DIMITROULEAS

UNITED STATES OF AMERICA,
    PLAINTIFF,

v.

OLD DOMINICAN TOBACCOS, INC.,
 a Florida corporation; and
NEIL YOUNG, individually, and as an
 officer of the corporation,

    DEFENDANTS.
_____/

**COMPLAINT FOR CIVIL PENALTIES, CONSUMER REDRESS,
PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "the Commission"), pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), for its complaint alleges:

    1.    Plaintiff brings this action under Sections 5(a), 5(m)(1)(A), 13(b), 16(a) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a) and 57b, to secure civil penalties, consumer redress, a permanent injunction, and other equitable relief for defendants' violations of the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures" (the "Franchise Rule" or the "Rule"), 16 C.F.R. Part 436, and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).



## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a) and 57b. This action arises under 15 U.S.C. § 45(a).

3. Venue in the United States District Court for the Southern District of Florida is proper under 28 U.S.C. §§ 1391(b)-(c) and 1395(a), and 15 U.S.C. § 53(b).

## DEFENDANTS

4. Defendant Old Dominican Tobaccos, Inc. (hereinafter "ODT"), a Florida corporation with its principal place of business at 4801 South University Drive, Suite 3090W, Davie, Florida 33328, promotes and sells cigar vending business ventures. ODT transacts or has transacted business in the Southern District of Florida.

5. Defendant Neil Young is the President of ODT. In connection with the matters alleged herein, he transacts or has transacted business in the Southern District of Florida. At all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled, or participated in the acts and practices of the corporate defendant, including the acts and practices set forth in this complaint.

## COMMERCE

6. At all times relevant to this complaint, the defendants have maintained a substantial course of trade in the offering for sale and sale of cigar vending business ventures, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

7.  The defendants offer and sell cigar vending business ventures to prospective purchasers. The defendants promote their business ventures through classified ads in newspapers.

8.  In their advertisements, defendants make representations about the earnings potential of their business venture, and urge consumers to call defendants' toll-free telephone number to learn more about the opportunity. For example, defendants' classified newspaper advertisements have stated:

> **CIGAR DISTRIBUTORSHIP**
> Be your own boss. $100K annual potential. Small start up!
> 1--800-334-0946

9.  Consumers who call the defendants' toll-free telephone number are ultimately connected to defendants, or their employees or agents, who make representations about the earnings potential of the business venture and the actual earnings of prior purchasers, without giving prospective purchasers access to the information they need to evaluate the claims. For example, the defendants or their employees or agents have represented that 24 of their cigar humidors on location typically generate a profit of $129,000 per year.

## THE FRANCHISE RULE

10.  The business ventures sold by the defendants are franchises, as "franchise" is defined in Section 436.2(a)(1)(ii), (a)(2) and (a)(5) of the Franchise Rule, 16 C.F.R. § 436.2(a)(1)(ii), (a)(2) and (a)(5).

11.  The Franchise Rule requires a franchisor to provide prospective franchisees with a complete and accurate basic disclosure document containing twenty categories of information,

3

including information about the litigation and bankruptcy history of the franchisor and its principals, the terms and conditions under which the franchise operates, and information identifying existing franchisees. 16 C.F.R. § 436.1(a)(1) - (a)(20). The pre-sale disclosure of this information required by the Rule enables a prospective franchisee to contact prior purchasers and take other steps to assess the potential risks involved in the purchase of the franchise.

12. The Franchise Rule additionally requires: (1) that the franchisor have a reasonable basis for any oral, written, or visual earnings or profit representations ("earnings claims") it makes to a prospective franchisee, 16 C.F.R. § 436.1(b)(2), (c)(2) and (e)(1); (2) that the franchisor provide to prospective franchisees an earnings claim document containing information substantiating any earnings claims it makes, 16 C.F.R. § 436.1(b)-(e); and (3) that the franchisor, in immediate conjunction with any generally disseminated earnings claim, disclose additional information including the number and percentage of prior purchasers known by the franchisor to have achieved the same or better results, 16 C.F.R. § 436.1(e)(3)-(4).

13. Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), and 16 C.F.R. § 436.1, violations of the Franchise Rule constitute unfair or deceptive acts or practices in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FRANCHISE RULE

## COUNT ONE

14. Paragraphs 1 through 13 are incorporated herein by reference.

15. In connection with the offering of franchises, as "franchise" is defined in the Rule, 16 C.F.R. § 436.2(a), defendants have failed to provide prospective franchisees with accurate and complete basic disclosure documents within the time period required by the Franchise Rule, thereby

violating Section 436.1(a) of the Rule, 16 C.F.R. § 436.1(a), and Section 5 of the FTC Act, 15 U.S.C. § 45.

## COUNT TWO

16. Paragraphs 1 through 13 are incorporated herein by reference.

17. In connection with the offering of franchises, as "franchise" is defined in the Rule, 16 C.F.R. § 436.2(a), defendants or their employees or agents have made earnings claims within the meaning of the Rule, 16 C.F.R. § 436.1(b)-(d), but have failed to provide prospective franchisees with earnings claim documents within the time period required by the Franchise Rule, have failed to have a reasonable basis for such claims at the times they were made, or have failed to disclose the information required by the Rule in immediate conjunction with such claims, thereby violating Sections 436.1(b)-(d) of the Rule, 16 C.F.R. § 436.1(b)-(d), and Section 5 of the FTC Act, 15 U.S.C. § 45.

## COUNT THREE

18. Paragraphs 1 through 13 are incorporated herein by reference.

19. In connection with the offering of franchises, as "franchise" is defined in the Rule, 16 C.F.R. § 436.2(a), defendants have made generally disseminated earnings claims within the meaning of the Rule, 16 C.F.R. § 436.1(e), but have failed to disclose information required by the Franchise Rule in immediate conjunction with such claims, including the number and percentage of prior purchasers known by the defendants to have achieved the same or better results, have failed to have a reasonable basis for such claims at the times they were made, or have failed to provide prospective franchisees with earnings claim disclosures at the times required by the Rule

whenever such claims are made, thereby violating Section 436.1(e) of the Rule, 16 C.F.R. § 436.1(e), and Section 5 of the FTC Act, 15 U.S.C. § 45.

## CONSUMER INJURY

20. Consumers in the United States have suffered and will suffer substantial monetary loss as a result of defendants' violations of the Franchise Rule and the FTC Act. Absent injunctive relief by this Court, defendants are likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

21. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief, including consumer redress, disgorgement, and restitution, to prevent and remedy any violations of any provision of law enforced by the Federal Trade Commission.

22. Section 5(m)(1)(A) of the FTC Act, § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d) (1997), authorizes this Court to award civil penalties of not more than $11,000 for each violation of the Franchise Rule occurring after November 20, 1996. The defendants' violations of the Rule were committed after that date and with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

23. Section 19 of the FTC Act, 15 U.S.C. § 57b, authorizes this Court to grant such relief as the Court finds necessary to redress injury to consumers or other persons resulting from defendants' violations of the Franchise Rule, including the rescission and reformation of contracts, and the refund of money.

24. This Court, in the exercise of its equitable jurisdiction, may award ancillary relief to remedy injury caused by the defendants' violations of the Franchise Rule and the FTC Act.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that this Court, as authorized by Sections 5(a), 5(m)(1)(A), 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b) and 57b, and pursuant to its own equitable powers:

1. Enter judgment against the defendants and in favor of the plaintiff for each violation alleged in this complaint;

2. Permanently enjoin the defendants from violating the Franchise Rule and the FTC Act;

3. Award plaintiff monetary civil penalties from each defendant for every violation of the Franchise Rule;

4. Award such relief as the Court finds necessary to redress injury to consumers resulting from the defendants' violations of the Franchise Rule and the FTC Act, including but not limited to, rescission of contracts, the refund of monies paid, and the disgorgement of ill-gotten gains; and

5. Award plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

DATED: 2/14/00

| | |
|---|---|
| Of Counsel: | FOR THE UNITED STATES OF AMERICA: |
| EILEEN HARRINGTON<br>Associate Director for<br> Marketing Practices<br>Federal Trade Commission<br>Washington, D.C. 20580 | DAVID W. OGDEN<br>Acting Assistant Attorney General<br>Civil Division<br>U.S. Department of Justice |
| CRAIG TREGILLUS<br>Attorney<br>Federal Trade Commission<br>Washington, D.C. 20580<br>PHONE: (202) 326-2970<br>FAX: (202) 326-3395 | THOMAS E. SCOTT<br>United States Attorney<br><br>By: _____<br>Assistant United States Attorney<br>500 E. Broward Blvd., 7th Floor<br>Fort Lauderdale, FL 33394<br>Florida Bar # 269181<br>PHONE: (954) 356-7314<br>FAX: (954) 356-7180<br><br>_____<br>DRAKE CUTINI<br>Trial Attorney<br>Office of Consumer Litigation<br>P.O. Box 386<br>Washington, D.C. 20044<br>PHONE: (202) 307-0044<br>FAX: (202) 514-8742 |

8

# CIVIL COVER SHEET

00-6221
CIV - DIMITROULEAS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
OLD DOMINICAN TOBACCO, INC., a Florida corporation, and NEIL YOUNG, individually and as an officer of the corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __BROWARD__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Broward__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
AUSA Barbara L. Petras
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394

ATTORNEYS (IF KNOWN)
Peter G. Gruber, Esq.
One Datran Center
9100 South Dadeland Blvd, Ste 910
Miami, FL 33156

MAGISTRATE JOHNSON

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  DADE,  MONROE, (BROWARD)  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
The complaint alleges that the defendants engaged in unfair and deceptive acts, violating the FTC Act 15 U.S.C. §45(a) and the FTC Franchise Rule, 16 C.F.R. §436

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23

DEMAND $ consumer redress, restitution penalties

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES  [X] NO

## VIII. RELATED CASE(S) IF ANY  (See instructions): N/A
JUDGE _____  DOCKET NUMBER _____

DATE: 2/14/00

SIGNATURE OF ATTORNEY OF RECORD: _Barbara L. Petras_
Assistant U.S. Attorney

FOR OFFICE USE ONLY

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG JUDGE ___