UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6221 Civ. Dimitrouleas/Johnson

UNITED STATES OF AMERICA,

PLAINTIFF,

v.

OLD DOMINICAN TOBACCOS, INC.,
 a Florida corporation; and
NEIL YOUNG, individually, and as an
 officer of the corporation,

DEFENDANTS.

_____/

FILED by ___ D.C.

SEP 2 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

On February 14, 2000, a Complaint for Civil Penalties, Consumer Redress, and

Permanent Injunction against the Defendants, Old Dominican Tobaccos, Inc., and Neil Young,

was filed in this Court by the plaintiff, the United States of America. The complaint alleged,

inter alia, that the Defendants were selling franchises without complying with the requirements of

the Federal Trade Commissions's (the "FTC" or "Commission") Franchise Rule, 16 C.F.R. 436.

Defendants were served with the summons and the complaint, but failed to appear or defend, and

were found in default by the Court on May 19, 2000. It is appropriate to enter judgment against

Defendants.

THEREFORE, the Court being fully advised in the premises, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:



## FINDINGS

1.    This Court has jurisdiction over the subject matter and the parties pursuant to 28

U.S.C. §§ 1331, 1337(a), 1345 and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

2.    Venue is proper as to all parties in the Southern District of Florida.

3.    The activities of the Defendants are in or affecting commerce, as defined in

Section 4 of the FTC Act, 15 U.S.C. § 44.

4.    The Complaint states a claim upon which relief may be granted against the

Defendants, under Sections 5(a), 5(m)(1)(A), 9, 13(b) and 19 of the Federal Trade Commission

Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 49, 53(b), and 57b.

5.    Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.    "Business Venture" means any written or oral business arrangement, however

denominated, whether or not covered by the Franchise Rule, which consists of the payment of

any consideration for:

> a.    The right or means to offer, sell, or distribute goods or services (whether
> or not identified by a trademark, service mark, trade name, advertising, or
> other commercial symbol); and
>
> b.    The promise or provision of assistance to any person in connection with:
> (1) the establishment, maintenance, or operation of a new business; or (2)
> the entry by an existing business into a new line or type of business,

**JUDGMENT AND ORDER**
Page 2

including, but not limited to, referrals to one or more persons providing location services.

2.    The "Franchise Rule" or "Rule" means the FTC Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions concerning Franchising and Business Opportunity Ventures," 16 C.F.R. Part 436.

3.    "Franchise" and "Franchiser" are defined as those terms are defined in Sections 436.2(a) and (c) of the Franchise Rule, 16 C.F.R. § 436.2(a) and (c), and include "business opportunity ventures" as defined in Sections 436.2(a)(1)(ii) and (2) of the Rule, and discussed in the FTC's Final Interpretive Guide for the Franchise Rule, 44 Fed. Reg. 49966-68 (August 24, 1979). The term "franchise" in this Order shall also encompass any successor definition of "franchise," "business opportunity" and "business opportunity venture" in any future trade regulation rule or rules that may be promulgated by the Commission to modify or supersede the Franchise Rule, in whole or part, from the date any such rule takes effect.

4.    "Franchise broker" is defined as that term is defined in Section 436.2(j) of the Franchise Rule, 16 C.F.R. § 436.2(j). The term "Franchise broker" in this Order shall also encompass any other entity through which the franchisor sells franchises, including, but not limited to, subfranchisors, master franchisees, or regional franchisees.

5.    "Person" means a natural person, organization or other legal entity, including a corporation, partnership, proprietorship, association, or cooperative, or any other group or combination acting as an entity.

**JUDGMENT AND ORDER**
Page 3

6.    "Representatives" means the Defendants' successors, assigns, officers, agents, servants, employees and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

7.    "Telemarketing" means the advertising, offering for sale, or sale of any good or service to any person by means of telephone sales presentations, either exclusively or in conjunction with the use of other advertising.

8.    "UFOC format" is defined as the Uniform Franchise Offering Circular disclosure format which has been adopted by the North American Securities Administrators' Association and is now accepted by the Commission for use in lieu of the Franchise Rule's disclosure format.

9.    "Defendants" means the Corporate Defendant and Individual Defendant. The "Corporate Defendant" is Old Dominican Tobaccos, Inc., a Florida corporation. The "Individual Defendant" is Neil Young, individually and as an officer of the Corporate Defendant.

## ORDER

### I. COMPLIANCE WITH FRANCHISE RULE

IT IS ORDERED, ADJUDGED AND DECREED that, in connection with the advertising, telemarketing, offering for sale, licensing, contracting, sale or other promotion, in or affecting commerce, of a franchise, Defendants and their Representatives are hereby permanently restrained and enjoined from violating, or assisting others to violate, any provision of the Franchise Rule as promulgated, or as it may hereinafter be amended, including, but not limited to:

**JUDGMENT AND ORDER**
Page 4

A.    Failing to provide any prospective franchisee with a complete and accurate basic disclosure document containing all the information in the form required by Sections 436.1(a)(1)-(24) of the Franchise Rule, in the manner and within the time frame prescribed by the Rule;

B.    Failing to provide any prospective franchisee with an earnings claim document as required by Sections 436.1(b)-(e) of the Franchise Rule, in the manner and within the time frame prescribed by the Rule;

C.    Failing to include in any advertisement that states or suggests a specific level of sales, income or gross or net profits that appears in a newspaper or other medium of general dissemination, including the Internet, the disclosures required by Section 436.1(e) of the Franchise Rule, including a clear and conspicuous disclosure of the number and percentage of prior purchasers known to have earned or made the amount claimed;

D.    Making any earnings claim or projection without having a reasonable basis for the claim or projection at the time such claim or projection is made, as required by Sections 436.1(b)-(e) of the Franchise Rule; and

E.    Engaging in any other act or practice prohibited by the Franchise Rule, 16 C.F.R. Part 436, or failing to fulfill any obligation imposed by the Rule.

*Provided, however,* that if the Commission promulgates a trade regulation rule or rules that modify or supersede the Franchise Rule, in whole or part, the Defendants shall comply fully and completely with all applicable requirements thereof on and after the effective date of any such rule; and *provided, further,* that the Defendants may choose to comply with the disclosure requirements of the Franchise Rule now in effect by fully and completely complying with the

disclosure requirements set forth in the UFOC format for so long as the current Rule remains in force.

## II. PROHIBITED REPRESENTATIONS

IT IS FURTHER ORDERED that in connection with the advertising, telemarketing, offering for sale, licensing, contracting, sale or other promotion, in or affecting commerce, of any Franchise, Business Venture, or income-generating product or service, the Defendants and their Representatives are hereby permanently restrained and enjoined from making, or assisting in the making of, any statement or representation of material fact that is fraudulent, false, or misleading, whether directly or by implication, orally or in writing, including, but not limited to, any or all of the following:

A.    The income, profit, or sales volume that a purchaser is likely to achieve;

B.    The income, profit, or sales volume actually achieved by prior purchasers;

C.    The length of time that it is likely to take a purchaser to recoup the entire purchase price or investment;

D.    The independence or authenticity of any third-party references, including persons represented to be prior purchasers, that are provided to potential purchasers;

E.    The amount of competition within, or a purchaser's territorial rights to, any geographic territory;

F.    The availability or existence of profitable locations in a purchaser's geographic area; and

G.    The terms and conditions of any assurances, refunds or guarantees of profitability that relate to any location service or company to which a Defendant refers a purchaser.

## JUDGMENT AND ORDER
Page 6

## III. TRANSFER OF CUSTOMER LISTS

IT IS FURTHER ORDERED that the Defendants and their Representatives are hereby permanently restrained and enjoined from selling, renting, leasing, transferring or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to the Defendants at any time prior to entry of this Order, in connection with the advertising, promotion, telemarketing, offering for sale or sale of any Franchise, Business Venture or income-generating product or service; *provided, however,* that Defendants may disclose such identifying information to a law enforcement agency, or as required by any law, regulation (including the limited disclosures required by the Franchise Rule) or court order.

## IV. DISTRIBUTION OF ORDER BY Defendants

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, the Defendants shall:

A.    Provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each officer and director, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, within five (5) business days after receipt of this Order, and thereafter immediately upon employing any such person, for any business that any Defendant directly or indirectly manages, controls, or has a majority ownership interest in, that is engaged in the sale or distribution of any Franchise, Business Venture, or income-generating product or service, or assisting others engaged in these activities; and

**JUDGMENT AND ORDER**
Page 7

B.    Maintain for a period of three (3) years after creation, and upon reasonable notice make available to representatives of Plaintiff or the Commission, the original signed and dated acknowledgments of receipt of copies of this Order, as required in Subsection A of this Paragraph.

## V. COMPLIANCE REPORTING BY Defendant

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of five (5) years after the date of entry of this Order, the Defendants shall notify the FTC in writing of the following:

1.    Any changes in the residence, mailing addresses and telephone numbers of the Individual Defendant, within ten (10) days of the date of such change;

2.    Any changes in the employment status (including self-employment) of the Individual Defendant, within ten (10) days of such change. Such notice shall include the name and address of each business that the Individual Defendant is affiliated with or employed by, a statement of the nature of the business, and a statement of the Individual Defendant's duties and responsibilities in connection with the business or employment;

3.    Any proposed change in the structure of the Corporate Defendant, or any business entity that the Individual Defendant directly or indirectly manages, controls or has a majority ownership interest in, such as creation, incorporation, dissolution (including the dissolution of any subsidiaries), assignment, proposed filing of a bankruptcy petition, or sale or merger resulting in the emergence of a successor corporation, or any other change in that entity, including a change in the corporate name

**JUDGMENT AND ORDER**
Page 8

or address, that may affect any compliance obligation arising out of this Order, at least thirty (30) days prior to the effective date of any such change; *provided, however,* that with respect to any proposed change in the structure of the Corporate Defendant or any business entity that the Individual Defendant directly or indirectly manages, controls, or has a majority ownership interest in, about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, the Defendant shall notify the Commission as soon as is practicable after learning of such proposed change;

B.    One hundred eighty (180) days after the date of entry of this Order, Defendants shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which Defendants have complied and are complying with this Order. This report shall include but not be limited to:

1.    Each Individual Defendant's then current residence address, mailing addresses and telephone numbers;

2.    Each Individual Defendant's then current employment and business addresses and telephone numbers, a description of the business activities of each such employer or business, and the Individual Defendant's title and responsibilities for each such employer or business;

3.    A copy of each acknowledgment of receipt of this Order obtained by the Corporate or Individual Defendant pursuant to Paragraph IV; and

4.    A statement describing the manner in which the Corporate or Individual Defendant has complied and is complying with Paragraphs I, II, III and VI of this Order;

5.    For the purposes of this Paragraph, "employment" includes the

**JUDGMENT AND ORDER**
Page 9

performance of services as an employee, consultant, or independent contractor; and "employers" include any individual or entity for whom any Individual Defendant performs services as an employee, consultant, or independent contractor;

C.    Upon written request by a representative of Plaintiff or the Commission, the Defendants shall submit additional written reports (under oath, if requested) and produce documents on fifteen (15) days' notice with respect to any conduct that is subject to this Order;

D.    For the purposes of this Order, Defendants shall, unless otherwise directed by a representative of the Commission, identify all written notifications to the FTC as being provided in reference to FTC Matter No. X0023038, Civil No. 00-6221, in the Southern District of Florida, and mail them to:

> Associate Director for Marketing Practices
> Federal Trade Commission
> 600 Pennsylvania Ave. N.W. - Room 238
> Washington, DC 20580 .

E.    For the purposes of this Order, Defendant shall, unless otherwise directed by a representative of Plaintiff, identify all written notifications to Plaintiff as provided in reference to DJ# 102-3028, and mail them to:

> Director, Office of Consumer Litigation
> U.S. Department of Justice - Civil Division
> P.O. Box 386,
> Washington, D.C. 20044

F.    For the purposes of this Paragraph V, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employers" include any individual or entity for whom the Defendants perform services as an employee, consultant, or independent contractor; and

**JUDGMENT AND ORDER**
Page 10

G.     For purposes of the compliance reporting required by this Paragraph V, Plaintiff
and the Commission are authorized to communicate directly with Defendants.

## VI. MONITORING COMPLIANCE OF SALES PERSONNEL

IT IS FURTHER ORDERED that, in connection with any business that the Defendants
directly or indirectly manage, control, or have a majority ownership interest in, that is engaged in
the sale or distribution of any Franchise, Business Venture, or income-generating product or
service, or assisting others engaged in these activities, the Defendants and their Representatives
are hereby permanently restrained and enjoined from:

A.     Failing to take reasonable steps sufficient to monitor and ensure that all
employees and independent contractors engaged in sales or other customer service functions
comply with Paragraphs I and II of this Order.  Such steps shall include adequate monitoring of
sales presentations or other calls with customers, and shall also include, at a minimum, the
following:

1.     Listening to the oral representations made by persons engaged in sales or
other customer service functions;

2.     Establishing a procedure for receiving and responding to consumer
complaints; and

3.     Ascertaining the number and nature of consumer complaints regarding
transactions in which each employee or independent contractor is involved;

B.     Failing promptly to investigate fully any consumer complaint received by any
business to which this Paragraph applies; and

**JUDGMENT AND ORDER**
Page 11

C.    Failing to take corrective action with respect to any sales person whom the Defendant or Representative determines is not complying with this Order, which may include training, disciplining, and/or terminating such sales person;

*Provided, however,* that this Paragraph VI does not authorize or require the Defendants to take any action that violates any federal, state, or local law.

## VII.  RECORD-KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, in connection with any business that the Defendants directly or indirectly manage, control, or have a majority ownership interest in, that is engaged in the sale or distribution of any Franchise, Business Venture, or income-generating product or service, or assisting others engaged in these activities, Defendants and their Representatives are hereby restrained and enjoined from failing to create and maintain for a period of three (3) years following the date of their creation, unless otherwise specified:

A.    Books, records and accounts that, in reasonable detail, accurately and fairly reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.    Records containing the name, address, telephone number and social security number of each person employed by the Defendants in any capacity, including as an independent contractor, that person's job title or position, the date upon which the person commenced work, and the date and reason for the person's termination, if applicable; *provided, however,* that the businesses subject to this requirement shall retain such records during the employment of any person, and for a period of two (2) years after the date of their termination;

**JUDGMENT AND ORDER**
Page 12

C.     Records containing the name, address, telephone number, quantity of goods or services purchased, and a description of the goods or services purchased, for all consumers to whom the business has sold, invoiced or shipped any Franchise, Business Venture or income-generating product or service;

D.     Records that reflect, for every written or oral consumer complaint or refund request received by the Defendants or their Representatives, whether directly or indirectly or through any third party: (1) the customer's name, address, telephone number; (2) the dollar amount paid by the consumer; (3) the written complaint or refund request, if any; (4) the basis of the complaint or refund request, including the name of any salesperson complained about; (5) the nature and result of any investigation conducted concerning the complaint or refund request; (6) each response and the date of the response to the complaint or refund request; and (7) any final resolution of the complaint or refund request, and the date of the resolution; and (8) in the event of a denial of a refund request, the reason for the denial; and

E.     Copies of all sales scripts, training materials, advertisements, or other marketing materials utilized, which shall be retained for three (3) years after the last date of their dissemination or use.

## VIII. ACCESS TO BUSINESS PREMISES

IT IS FURTHER ORDERED that for a period of five (5) years from the date of entry of this Order, for the purposes of determining or securing compliance with its provisions, the Defendants and their Representatives shall grant to representatives of Plaintiff and the Commission, within three (3) business days of receipt of written notice from Plaintiff or the Commission:

JUDGMENT AND ORDER
Page 13

A.    Access during normal business hours to any office or facility storing documents of any business that the Defendants directly or indirectly manage, control, or have a majority ownership interest in, that is engaged in the sale or distribution of any Franchise, Business Venture, or income-generating product or service, or assisting others engaged in such activities. In providing such access, Defendants shall permit representatives of Plaintiff or the Commission to inspect and copy all documents relevant to any matter contained in this Order; and shall permit representatives of Plaintiff or the Commission to remove such documents for a period not to exceed five (5) business days so that the documents may be inspected, inventoried, and copied; and

B.    The opportunity to interview, without restraint or interference, officers, directors, employees, contractors, and agents, including all personnel involved in responding to consumer complaints or inquiries and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, of any business to which Subsection A of this Paragraph applies, regarding compliance with the provisions of this Order.  Any person interviewed may have counsel present.

*Provided, however,* that upon application of the Plaintiff or the Commission for good cause shown, the Court may enter an *ex parte* order granting immediate access to Defendants' business premises for the purposes of inspecting and copying all documents relevant to any matter contained in this Order.

## IX. AUTHORITY TO MONITOR COMPLIANCE

IT IS FURTHER ORDERED that the Plaintiff and the Commission are authorized to monitor Defendants' compliance with this Order by all lawful means, including but not limited to the following:

A.    Plaintiff and the Commission are authorized, without further leave of Court, to obtain discovery from any person (including the Defendants) in the manner provided by Chapter V of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26-37, including the use of compulsory process pursuant to Fed. R. Civ. P. 45, for the purpose of monitoring and investigating Defendants' compliance with any provision of this Order.

B.    Plaintiff and the Commission are authorized to use representatives posing as consumers or suppliers to Defendants, Defendants' employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C.    Nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. § 49 and 57b-1, to investigate whether the Defendants have violated any provision herein or Section 5 of the FTC Act, 15 U.S.C. § 45, or any applicable rule or regulation promulgated and enforced by the Commission, including the Franchise Rule, 16 C.F.R. § 436.

## X. FEES AND COSTS

IT IS FURTHER ORDERED that each party to this action shall bear its own costs and attorneys' fees incurred in connection with this action.

## XI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the

purpose of enabling the parties to apply to the Court at any time for such further orders and

directives as may be necessary or appropriate for the interpretation or modification of this Order,

for the enforcement of compliance therewith, or for the punishment of violations thereof.

## XII. CIVIL PENALTY

IT IS FURTHER ORDERED that judgment in the amount of $ 11,000 is hereby

entered against the Defendants as a civil penalty, pursuant to Section 5(m)(1)(A) of the Federal

Trade Commission Act, 15 U.S.C. § 45(m)(1)(A).

XIII - This Case is Closed
XIV - All Motions are denied as moot.

SO ORDERED this 22 day of September, 2000.

WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

cc:
AUSA Barbara Petras
Drake Cutini, Esq.
Peter Gruber, Esq.
Old Dominican Tobacco Corp.
Neil Young

**JUDGMENT AND ORDER**
Page 16